**COMMONWEALTH of Pennsylvania**

v.

**Walter E. TRAYER, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 20, 1996.
Decided Dec. 24, 1996.

Walter E. Trayer, pro se, appellant.

Robert A. Graci, Chief Deputy Attorney General, Harrisburg, for appellee.

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

LORD, Senior Judge.

The sole but extremely important question which is raised in this case is whether the Double Jeopardy Clause of the Constitution of Commonwealth of Pennsylvania [1] is appli-

---

1. PA. CONST. art. 1, § 8.

cable in a forfeiture proceeding. If so, the Commonwealth's petition for forfeiture should be dismissed.

Walter E. Trayer, *pro se* appellant in this action, was convicted of possession with intent to deliver cocaine and marijuana. He was sentenced to five to ten years in the state prison. Trayer filed a petition to return certain property and the Commonwealth filed a petition for forfeiture of the property that was seized.[2] The trial judge certified the interlocutory order denying a motion to dismiss the forfeiture petition to this Court. We affirm the decision of the trial judge and do not agree with Trayer because this Court has already definitively decided the issue.

In *Commonwealth v. Wingait Farms*, 659 A.2d 584 (Pa.Cmwlth.1995) *alloc. granted* 543 Pa. 697, 670 A.2d 144 (1995), the defendant had been convicted of delivery of marijuana and sentenced to seven and one-half to twenty years in the state penitentiary and had been given a fine of $140,000. The Commonwealth then obtained an order of forfeiture of a farm and its equipment. On appeal, the defendant Reitz argued that the trial court erred in refusing to dismiss the forfeiture proceeding as violative of the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions. In that case, this Court distinguished the case of *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), recognized there was no Pennsylvania case that raised such a challenge to the forfeiture statute, cited and discussed an Arizona case, *In the Matter of a Parcel of Real Property known as 1632 N. Santa Rita, Tuscon, Arizona*, 166 Ariz. 197, 801 P.2d 432 (1990), and held that the trial court did not err. We concluded therein that the forfeiture statute did not violate the Double Jeopardy provision of either the state or the federal Constitutions because the statute serves the purpose of depriving the defendant of the means to commit additional offenses and helps to defray the costs of investigation and prosecution. Insofar as a statute can be fairly characterized as remedial, and not solely a deterrent or retributive statute, it does not

impinge on constitutional protections against double jeopardy. *Id.*, 659 A.2d at 590–591.

The conclusion reached in *Wingait Farms* compels us to reach the same result in this case. However, it is interesting to note that the United States Supreme Court has now, without equivocation and with an extensive discussion of past precedent, ruled that the federal forfeiture statute does not violate the Double Jeopardy Clause of the Constitution of the United States. *United States v. Ursery*, —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). (See also an extended discussion by the Pennsylvania Superior Court in *Commonwealth v. Higginbottom*, 451 Pa.Super. 81, 678 A.2d 408 (1996)).

We affirm the order of the trial court.

### ORDER

AND NOW, this 24th day of December, 1996, the order of the York County Common Pleas Court dated April 24, 1996, at No. 314 M.A.1996, is hereby affirmed.

---

**2.** Items such as $10,212 in cash, a caller I.D. unit, an answering machine and a brief case which included credit cards were allegedly taken by the police from the person or house of Trayer.